(October 17, 1973)

In the Matter of JACOB D. FUCHSBERG, Respondent-Appellant, v. JOHN P. LOMENZO, as Secretary of State of the State of New York, et al., Appellants-Respondents.— Cross appeals from a judgment of the Supreme Court, entered October 10, 1973 in Albany County, which granted petitioner's application, in a proceeding pursuant to section 330 of the Election Law, to declare valid, proper and effective his independent nominating petition, nominating him as the candidate of the Better Courts Party for the office of Chief Judge of the Court of Appeals and directed the Secretary of State to certify petitioner's name as a candidate of said party to be placed upon the official ballots and voting machines as a candidate of the Better Courts Party to be voted upon for said office at the general election to be held on November 6, 1973. On August 23, 1973 an independent nominating petition was filed with the Office of the Secretary of State nominating the petitioner, Jacob D. Fuchsberg, as an independent candidate of the Better Courts Party for the Office of Chief Judge of the Court of Appeals in the general election to be held on November 6, 1973. The petition, as submitted, contained 2,111 pages which were bolted together between two wooden boards with dollies attached to make the petition portable. On August 27 the respondent Caryl Russell filed by mail objections to the petitioner's independent nominating petition. And, thereafter on September 4, 1973 respondent Russell filed by mail specifications of these objections. These specifications consisted of 136 schedules which set forth in detail some 16,778 specific objections to the signatures on the petition. A hearing on the respondent Russell's specifications of objections was held before the Secretary of State, and, following this hearing, he determined that the petition was void in that it contained only 16,745 valid signatures when 20,000 signatures were required by paragraph (a) of subdivision 9 of section 138 of the Election Law. Thereupon, petitioner commenced the present proceeding to declare his independent nominating petition valid. Following a 12-day trial, the court below, after finding that the independent nominating petition contained a total of 28,058 signatures, that the total number of invalid signatures was 7,888, and that the total number of valid signatures was 20,170, determined petitioner's independent nominating petition valid. A judgment was entered on this decision and the present appeal ensued. Although the court below found that the independent nominating petition contained a total of 28,058 signatures, at the trial there was testimony from an Administrative Analyst in the employ of the Secretary of State that his physical count of the petition revealed that it contained a total of 27,626 signatures. This court has physically counted the signatures affixed to the petition and has determined that the total number of signatures on the petition is only 27,602. Subtracting the 7,888 invalid signatures leaves only 19,714 signatures which is some 286 signatures less than the 20,000 required by the Election Law. Petitioner contends that the court below relied on insufficient proof of nonregistration to invalidate 1,364 signatures on the petition and that another 1,397 signatures were improperly invalidated on the ground that the signers voted in the June 4 primary when, despite proof that these signers had voted in the primary, there was no proof that they actually cast their ballots in the primary for Chief Judge. With respect to the latter contention, subdivision 10 of section 138 disqualifies persons from signing an independent nominating petition who have voted at a primary election where a candidate was nominated for an office for which such petition purports to nominate a candidate. Hence, what disqualifies the voter in a primary from being a valid signer of a subsequent

independent nominating petition is the fact that he voted in the primary and not whether he voted for or against a particular candidate (see *Matter of Hooper* v. *Power*, 17 A D 2d 816, affd. 12 N Y 2d 764; *Socialist Workers Party* v. *Rockefeller*, 314 F. Supp. 984). Accordingly, the court below properly invalidated the 1,397 signatures on the ground that the signers voted in the June 4 primary. As to the petitioner's former contention, it does appear that because of the haste with which the Boards of Election attempted to comply with the requests for verification of registration of voters some errors did occur; but petitioner has failed to show that all of the claimed 1,364 signatures were invalidated on the basis of insufficient proof. In any event, it appears that the court below improperly validated at least 3,000 signatures since a person who has voted in "a primary election where a candidate was nominated for an office for which such petition purports to nominate a candidate", is disqualified from acting as a subscribing witness (Election Law, § 138, subds. 3, 10; see *Matter of Goodman* v. *Board of Elections of City of N. Y.*, 31 N Y 2d 763). Consequently, even if we assume that the court below relied on insufficient proof in invalidating 1,364 signatures, there is still an insufficient number of signatures on the petition to validate it. Judgment reversed, on the law and the facts, and the petition dismissed, without costs. Herlihy, P. J., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.