## (October 25, 1979)

■ In the Matter of JOHN CARALYUS et al., Respondents, v ALBERT T. HAYDUK et al., Constituting the Board of Elections of the County of Westchester, Respondents, and DONALD P. MOSSMAN, JR., et al., Appellants.—In a proceeding pursuant to section 16-102 of the Election Law to invalidate a petition nominating appellants as candidates of the Open Door Party in the general election to be held on November 6, 1979, for the public offices of Supervisor and Council Member of the Town of North Salem, the appeal is from a judgment of the Supreme Court, Westchester County, dated October 15, 1979, which, *inter alia,* granted the application. Judgment modified, on the law, by deleting therefrom the provision which, in effect, held that the nominating petition is invalid as to William E. Ahearn and substituting therefor a provision that the petition is valid as to him and that the Board of Elections is directed to place his name on the ballot. Appeal otherwise held in abeyance and proceeding remitted to Special Term to hear and report on the following questions: (1) How many signatures are invalid for any reason other than that the signatory or subscribing witness voted in the council primary or signed a petition for Hermsen; As to the remaining signatures: (2) How many signatures were obtained by subscribing witnesses who also signed a petition for Hermsen. (3) How many signatories on appellants' petition signed a petition for Hermsen, and how many of these were also obtained by subscribing witnesses who signed a petition for Hermsen. (4) How many signatures were obtained by subscribing witnesses who voted in the council primary, and (5) How many signatures on appellants' petition also voted in the council primary and how many of these were obtained by subscribing witnesses who voted in the primary. The

hearing shall be held no later than Monday, October 29, 1979, and the report of Special Term is directed to be filed with this court by 10:00 A.M., Tuesday, October 30, 1979. The order to show cause which commenced the instant proceeding provided, *inter alia,* for service of the papers upon the appellants by (1) placing copies of the papers in the mail addressed to their residences and (2) affixing copies thereof to the outer door of their residences, both to be done on or before October 2, 1979. Petitioners mailed the papers on October 2, 1979. However, instead of affixing the order to show cause to the outer door of appellant Ahearn's residence as required by the terms of the order to show cause, petitioners affixed the order to show cause to appellant Ahearn's garage, which was detached from the residence. Since the mode of service provided for in the order to show cause was jurisdictional in nature and must be strictly complied with, jurisdiction over appellant Ahearn was never acquired. As to the remaining candidates, the issues cannot be determined without a further hearing (see *Matter of Hooper v Power,* 17 AD2d 816, affd 12 NY2d 764). Hopkins, J. P., O'Connor, Lazer and Margett, JJ., concur.