## (October 30, 1979)

In the Matter of JOHN CARALYUS et al., Respondents, v ALBERT T. HAYDUK et al., Constituting the Board of Elections of the County of Westchester, Respondents, and DONALD P. MOSSMAN, JR., et al., Appellants.—In a proceeding pursuant to section 16-102 of the Election Law to invalidate a petition nominating appellants as candidates of the Open Door Party in the general election to be held on November 6, 1979, for the public offices of Supervisor and Council Member of the Town of North Salem, the appeal is from a judgment of the Supreme Court, Westchester County, dated October 15, 1979, which, *inter alia,* granted the application. By order dated October 15, 1979, this court modified the judgment by deleting therefrom the provision which, in effect, held that the nominating petition is invalid as to William E. Ahearn and substituting therefor a provision that the petition is valid as to him and that the Board of Elections is directed to place his name on the ballot. The appeal was otherwise held in abeyance and the proceeding was remitted to Special Term to hear and report on certain specified questions *(Matter of Caralyus v Hayduk,* 72 AD2d 590). Special Term has complied and rendered its report. Judgment further modified, on the law, by deleting therefrom the provision which, in effect, held that the nominating petition is invalid as to Donald P. Mossman, Jr., and substituting therefor a provision that the petition is valid as to him and that the Board of Elections is directed to place his name on the ballot. As so modified and further modified, judgment affirmed, without costs or disbursements. In this year's primary election there was a contest for the public office of Council Member of the Town of North Salem. "A person who has voted in 'a primary election where a candidate was nominated for an office for which such petition purports to nominate a candidate', is disqualified from acting as a subscrib-

ing witness" *(Matter of Fuchsberg v Lomenzo,* 42 AD2d 1002, 1003, affd 33 NY2d 718; *Matter of Eaton v Monahan,* 72 Misc 2d 676; Election Law, § 6-138). When the number of signatures obtained by subscribing witnesses who voted in the council primary are stricken, along with the otherwise invalid signatures, there are insufficient valid signatures to sustain the nominating petition as to candidate Le Roy. There was no primary contest for the public office of Town Supervisor, and no vote was or could have been cast for that office. Subdivision 2 of section 6-160 of the Election Law provides: "All persons designated for uncontested offices or positions at a primary election shall be deemed nominated or elected thereto, as the case may be, without balloting." The section dispenses with the primary for an office when there is no contest. Participation in such a primary which involves contested candidacies for other offices does not imply a choice as to the offices which are not contested, because as to those the voter has indicated no preference and has had no opportunity to indicate a preference (see *Matter of Hooper v Power,* 17 AD2d 816, affd 12 NY2d 764). Accordingly, the nominating petition as to Mossman, candidate for Town Supervisor, contained sufficient valid signatures. Hopkins, J. P., O'Connor, Lazer and Margett, JJ., concur.